IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> CHRISTOPHER CHAN, <br><br> Defendant. | Case No. 22-cr-00109-DKW <br><br> **ORDER DENYING DEFENDANT'S MOTION TO DISMISS COUNT 1 OF THE SECOND SUPERSEDING INDICTMENT** |

Defendant Christopher Chan moves to dismiss Count 1 of the Second Superseding Indictment ("SSI"), arguing, *inter alia*, that Count 1, which alleges the offense of possession of an unregistered short-barrel rifle, is inconsistent with Count 2, which alleges the offense of possession of a machine gun. Dkt. No. 129. According to Chan, because the same firearm cannot simultaneously be both a rifle and a machinegun, when the SSI is read as a whole, Count 1 fails to state an offense and must be dismissed. *Id.* at 1–5. Chan fails, however, to explain why Count 1 does not mean precisely what it says—that he is charged with possession of an unregistered rifle with a barrel length measuring less than 16 inches in length in violation of 26 U.S.C. §§ 5841, 5845(a)(3), 5861(d), and 5871. Nor does Chan address why the Government may not proceed on alternative theories of liability

regarding the same alleged offense.  Accordingly, as more fully explained herein, Chan's Motion to Dismiss Count 1 is DENIED.

## FACTUAL & PROCEDURAL BACKGROUND

On November 17, 2022, Defendant Christopher Chan was indicted on a single count of possession of an unregistered firearm, "namely, a rifle containing no serial number or appropriate manufacturer markings, with a barrel length measuring approximately 10.5 inches" in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871.  Dkt. No. 34 at 2.  A Superseding Indictment, filed on December 22, 2022, slightly modified this charge.[1]  See Dkt. No. 47 at 2.  On May 25, 2023, however, the Grand Jury returned a Second Superseding Indictment which added an additional count—possession of a machinegun in violation of 18 U.S.C. § 922(o) and 18 U.S.C. § 924(a)(2).  Dkt. No. 71 at 2–3.  Accordingly, the now operative SSI reads:

Count 1
Possession of an Unregistered Firearm
(26 U.S.C. § 5861(d))

> On or about August 16, 2022, within the District of Hawaii, CHRISTOPHER CHAN, the defendant, did knowingly possess a firearm not registered to him in the National Firearms Registration and Transfer Record, namely, a privately made AR-type rifle, containing no

---

[1] Specifically, Count 1 was altered to allege that Chan "did knowingly possess a firearm not registered to him in the National Firearms Registration and Transfer Record, namely, a rifle containing no serial number or appropriate manufacturer markings, with a barrel length measuring less than 16 inches in length, found in a Toyota Camry automobile.  All in violation of Title 26, United States Code, Sections 5841, 5861(d), and 5871." Dkt. No. 47 at 2.

serial number or appropriate manufacturer markings, with a barrel length measuring less than 16 inches in length, which barrel the defendant knew measured less than 16 inches in length, found in a Toyota Camry automobile.

All in violation of Title 26, United States Code, Sections 5841, 5845(a)(3), 5861(d), and 5871.

Count 2
Possession of a Machinegun
(18 U.S.C. § 922(o))

On or about August 16, 2022, within the District of Hawaii, CHRISTOPHER CHAN, the defendant, did knowingly possess a machinegun, as defined in Title 18, United States Code, Section 921(a)(24) and Title 26, United States Code, Section 5845(b), namely: (i) a machinegun conversion device designed and intended for use in converting a weapon into a machinegun, that is, a weapon which shoots automatically more than one shot without manual reloading by a single function of the trigger, containing no serial number, and (ii) the privately made AR-type rifle described in Count 1, in which the machinegun conversion device was installed, which with the installation of the machinegun conversion device did shoot and was designed to shoot automatically more than one shot without manual reloading by a single function of the trigger, both of which the defendant knew to be a machinegun, or was aware of the essential characteristics which made it a machinegun, found in a Toyota Camry automobile.

All in violation of Title 18, United States Code, Sections 922(o) and 924(a)(2).

*Id.*

On April 23, 2024, Chan filed a Motion to Dismiss Count 1 of the Second Superseding Indictment. Dkt. No. 129. The Government responded on May 7, 2024, Dkt. No. 135, and Chan replied on May 21, 2024, Dkt. No. 136. The Court

held a hearing on May 28, 2024. Dkt. No. 137. At the conclusion of the same, the Court orally denied Chan's Motion to Dismiss. *Id.* This Order now follows to further explain that ruling.

## STANDARD OF REVIEW

Pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B)(v), a party may raise by pretrial motion "a defect in the indictment or information, including . . . failure to state an offense." Fed. R. Crim. P. 12(b)(3)(B)(v). To state an offense, the indictment needs to provide "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). As such, the "indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974).

In considering such a motion, the Court is "bound by the four corners of the indictment" and "must accept the truth of the allegations in the indictment in analyzing whether a cognizable offense has been charged." *United States v. Lyle*, 742 F.3d 434, 436 (9th Cir. 2014) (quoting *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002)). Although "the indictment should be read in its entirety, construed according to common sense, and interpreted to include facts which are

necessarily implied," *United States v. Berger*, 473 F.3d 1080, 1103 (9th Cir. 2007) (quotation marks and citation omitted), "each count in an indictment . . . is regarded as if it were a separate indictment and must be sufficient in itself." *United States v. Rodriguez-Gonzalez*, 358 F.3d 1156, 1159 (9th Cir. 2004) (quotation marks and citations omitted).

## DISCUSSION

Chan seeks to dismiss Count 1 of the SSI, arguing that "the indictment's recitation of the essential facts alleged against Chan establishes, as a matter of law, that Count 1 does not state the federal offense of possession of an unregistered short-barrel rifle." Dkt. No. 129 at 1. According to Chan, because "[t]he essential facts averred in support of Count 2 state that . . . the AR-type firearm predicating both Counts 1 and 2 was designed to shoot, and did shoot, more than one projectile for each single pull of the trigger, that firearm cannot be, as a matter of law, a 'rifle' as defined in §5845(a)(3)." *Id.* at 4–5; *see also* 26 U.S.C. § 5845(c) (defining a "rifle" as "a weapon designed . . . to fire only a single projectile through a rifled bore for each single pull of the trigger."). Put differently, because the Government identifies the firearm at issue as a "machinegun" in Count 2, Chan claims that it cannot also be a "rifle" for purposes of Count 1 and therefore, Count 1 must be dismissed. *See id.* at 4.

That argument lacks merit. As an initial matter, even if there was an irreconcilable inconsistency between Counts 1 and 2, it is unclear why the firearm at issue must be considered a "machinegun" rather than a "rifle." Indeed, Chan's argument would have the Court entirely ignore the plain language of Count 1, which charges him with possession of a "firearm not registered to him . . . namely, a privately made AR-type *rifle*, containing no serial number or appropriate manufacturer markings, with a barrel length measuring less than 16 inches in length" in violation of the statutes criminalizing the unregistered possession of precisely such a weapon.[2] Dkt. No. 71 at 2 (emphasis added); *see* 26 U.S.C. §§ 5861(d), 5845(a)(3). This the Court will not do.

Moreover, and perhaps more importantly, at this stage of the proceedings, the Government is entitled to allege alternative theories of liability for the same underlying conduct. *See Douglas v. Long*, 661 F.2d 747, 749 (9th Cir. 1981) ("The same offense may be charged, by several counts, as having been committed in different ways or by different methods, in order to anticipate and accommodate every possible contingency in the evidence. That is to say, the grand jury may charge both offenses if the evidence before it would justify either conclusion." (quotation marks and citation omitted)). In other words, even if Counts 1 and 2 are

---

[2]Contrary to Chan's assertions at oral argument, it is clear from the text of Count 1, including the statutory references therein, that the Government's use of the term "rifle" is not a mere colloquialism, but rather an intentional and specific reference to the type of firearm at issue.

inconsistent with regard to their classification of the firearm at issue, the Government is not required to gamble on obtaining a conviction on Count 2 alone. Rather, it may charge Chan with *both* possession of an unregistered short-barrel rifle in Count 1 *and* possession of a machinegun in Count 2, even if he "could not in the end stand convicted of both offenses." *Ball v. United States*, 470 U.S. 856, 860 n.8 (1985) (citing *United States v. Gaddis*, 424 U.S. 544, 550)). As such, the Government's decision to characterize the firearm as a machinegun in Count 2 does not provide a basis to find that Count 1 of the Second Superseding Indictment fails to state the offense of possession of an unregistered short-barrel rifle or that it otherwise demands dismissal. Chan's motion is accordingly DENIED.[3]

## CONCLUSION

For the reasons set forth herein, Defendant Christopher Chan's Motion to Dismiss Count 1 of the Second Superseding Indictment, Dkt. No. 129, is DENIED.

IT IS SO ORDERED.

DATED: May 31, 2024 at Honolulu, Hawaiʻi.



Derrick K. Watson
Chief United States District Judge

---

[3] Because the Court finds that Count 1 adequately states the federal offense of possession of an unregistered short-barrel rifle, it need not and does not reach Chan's alternate arguments that should Count 1 be construed as possession of an unregistered machinegun, it would be impermissibly multiplicitous and/or unconstitutional. *See* Dkt. No. 129 at 5–11.