KENNETH M. SORENSON
Acting United States Attorney
District of Hawaii

SARA D. AYABE #9546
REBECCA PERLMUTTER
Assistant U.S. Attorneys
Room 6100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii  96850
Telephone:  (808) 541 2850
Facsimile:  (808) 541-2958
Email:       Sara.Ayabe@usdoj.gov
             Rebecca.Perlmutter@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    vs.<br><br>CHRISTOPHER CHAN,<br><br>    Defendant. | CR. NO. 22-00109 DKW<br><br>GOVERNMENT'S OPPOSITION TO CHAN'S MOTION IN LIMINE NO. 7 (MOSER'S TESTIMONY); CERTIFICATE OF SERVICE |

**GOVERNMENT'S OPPOSITION TO CHAN'S
<u>MOTION IN LIMINE NO. 7 (MOSER'S TESTIMONY)</u>**

Defendant Christopher Chan's motion in limine no. 7 (Moser testimony) seeks to "limit the expert testimony that the government intends to introduce from Firearms Enforcement Officer Wayne A. Moser, Jr." ECF No. 171 at 1. There is no basis to do so. Accordingly, Defendant's motion should be denied.

1. Defendant's motion is based on a fundamentally mistaken premise—namely, that the statutory definitions underlying Count 1 and Count 2 mean that Defendant could not be in possession of both a short-barreled rifle and a machinegun. The Government disagrees with that premise for the reasons given in its opposition to Defendant's motion in limine no. 8 (Terminology & Unit of Prosecution) and in the Government's response to Defendant's motion to dismiss the indictment (ECF No. 135). Defendant is essentially trying to relitigate the flawed premise of his motion to dismiss, previously denied by the Court, by attempting to limit the Government's evidence that is directly relevant to the offenses charged in this case.

2. The Government also disagrees that the Government is required to lay a foundation that Defendant "separately possessed a rifle and machinegun conversion device apart from each other on or about August 16, 2022." ECF No. 171 at 2. Consistent with the law, the Government will demonstrate at trial that Defendant's obligation to have the short-barreled rifle registered to him in the National Firearms Registration and Transfer Record did not automatically

disappear simply because a machinegun conversion device was inserted into the short-barreled rifle on August 16, 2022 when it was recovered by law enforcement. Rather, the short-barreled rifle retained its classification and did not cease to be regulated under the provisions of the National Firearms Act when the machinegun conversion device was installed.  *See* ECF No. 171-1 (Exhibit A) at 25 (Firearms Enforcement Officer ("FEO") Wayne Moser explaining in his supplemental report that "[w]hen the two NFA items [the short-barreled rifle and the machinegun conversion device] are assembled together, each individual items retains its classification and does not cease to be regulated under the provisions of the NFA. In this instance, one NFA "*firearm*" is installed within another NFA "*firearm*."). Furthermore, the evidence at trial will show that the machinegun conversion device in this case was not a permanently affixed into the rifle, but instead was readily removeable by the user at any given time.  For example, ATF Special Agent Joseph Villagomez will explain and demonstrate that in checking the firearm during a function test, the machinegun conversion device essentially fell out of the firearm when he opened the upper receiver.

     Defendant simply has no basis to assert that "[a]ny testimony about parts of the charged weapon, and what those parts could be deemed to be and could do when taken apart from each other, should be excluded[.]"  ECF No. 171 at 6.  The

Government is unaware of any case that supports limiting the Government's presentation of its case in the manner suggested by the defense.

3. At this time, it is not clear to the Government what, if any, specific relief Defendant is seeking with respect to the undeveloped possible "additional hearsay and confrontation issue" referenced at ECF No. 171 at 5-6. The Government anticipates that both SA Villagomez and FEO Moser will testify at trial, and does not believe that *Smith v. Arizona*, 602 U.S. 779 (2024), will preclude such testimony.

For the foregoing reasons, the Government respectfully requests this Court deny Defendant's motion in limine no. 7.

DATED: January 21, 2025, at Honolulu, Hawaii.

Respectfully submitted,

KENNETH M. SORENSON
Acting United States Attorney
District of Hawaii

By /s/ *Sara D. Ayabe*
   SARA D. AYABE
   REBECCA PERLMUTTER
   Assistant U.S. Attorneys

CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served on the following counsel on the date and in the manner described below:

Served Electronically through CM/ECF

Craig Jerome, Craig_Jerome@fd.org

Jacquelyn Esser, Jacquelyn_Esser@fd.org

Attorneys for Defendant
    CHRISTOPHER CHAN

    DATED: January 21, 2025, at Honolulu, Hawaii.

                                   */s/ Sara D. Ayabe*
                                   U.S. Attorney's Office
                                   District of Hawaii