IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CHRISTOPHER CHAN,<br><br>Defendant. | Case No. 22-cr-00109-DKW<br><br>**ORDER ON MOTIONS IN LIMINE AND OTHER PRETRIAL MOTIONS** |

After the filing of and briefing on numerous pretrial motions, including motions in limine, and a January 24, 2025 hearing on the same, the Court issues the following rulings.[1]

# I.   Government's Motions in Limine

## a.   Government's Motion in Limine No. 1 to Admit Evidence of Defendant's Flight (Dkt. No. 86)

The Government first moves in limine "to introduce in its case-in-chief the circumstances surrounding Defendant Christopher Chan's flight from law enforcement on August 16, 2022" as evidence which is "'inextricably intertwined' with the charged offenses" and therefore not subject to Federal Rule of Evidence

---

[1] This Order assumes the reader's familiarity with evidentiary and pretrial motions addressed herein.  It does not recount the arguments and/or related facts in detail, nor does it set forth the legal standards for the Court's rulings.  The purpose of this Order is to provide the parties with expeditious rulings on the pending motions to enable counsel to prepare more effectively for trial in this case, which begins on February 3, 2025.

404(b). Dkt. No. 86 at 2. The Court agrees that the circumstances of Chan's flight from law enforcement form part of a single transaction, along with the conduct that is the basis for the charged offenses, and is therefore not subject to Rule 404(b). Moreover, the probative value of such acts is not substantially outweighed by the danger of unfair prejudice under Rule 403. As a result, the Government's Motion in Limine No. 1, Dkt. No. 86, is GRANTED. Insofar as Chan wishes to offer evidence that may explain his flight, he may do so under the rule of completeness. *See* Dkt. No. 162 at 8.

### b. **Government's Motion in Limine No. 2 to Admit Evidence of Defendant's DNA Refusals (Dkt. No. 87)**

The Government next moves in limine to admit evidence of Chan's repeated refusals to submit to buccal DNA swabs, despite federal search warrants authorizing the same, as probative of Chan's "consciousness of guilt" under Rule 404(b). *See* Dkt. No. 87 at 4–6. Although Rule 404(b)(2) does not explicitly permit evidence for such purpose, the Rule is non-exhaustive and various courts have permitted such evidence for precisely the Government's indicated reason. *See* Fed. R. Evid. 404(b)(2); *see also United States v. Meling*, 47 F.3d 1546, 1557 (9th Cir. 1995) (explaining Rule 404(b) is a "rule of inclusion" which permits the introduction of evidence to show consciousness of guilt); *United States v. Ashburn*, 76 F. Supp. 3d 401, 444–46 (E.D.N.Y. 2014) (collecting cases). The motivation behind Chan's refusals may have been consciousness of guilt as to the charged

offenses, though Chan may certainly offer "context" evidence of a different purpose. *See* Dkt. No. 163 at 3–4. Finally, the Court finds that the probative value of such evidence is not substantially outweighed by the risk of unfair prejudice. *See* Fed. R. Evid. 403. Consequently, the Government's Motion in Limine No. 2, Dkt. No. 87, is GRANTED.

### c. **Government's Motion in Limine No. 3 re: Legality of the Search (Dkt. No. 88)**

The Government's third in limine motion seeks to prevent Chan from challenging the lawfulness of the search associated with the pretrial motion to suppress in this case. *See* Dkt. No. 88 at 2. Chan did not file a response and subsequently represented at the January 24, 2025 hearing that he does not oppose the Government's motion. The Government's Motion in Limine No. 3, Dkt. No. 88, is therefore GRANTED as unopposed.

### d. **Government's Motion in Limine No. 4 re: Exclusion of Second Amendment Arguments (Dkt. No. 89)**

Finally, the Government moves in limine to preclude Chan from presenting argument to the jury regarding the Second Amendment or the constitutionality of the charged statutes under the same. *See* Dkt. No. 89 at 2–3. Legal questions regarding the constitutionality of the relevant statutes are not appropriate for jury determination. *See* Dkt. No. 155. However, as Chan suggested at the January 24, 2025 hearing, he may wish to present other arguments regarding the Second

Amendment that do not bear directly on the constitutionality of the statutes. Consequently, the Government's Motion in Limine No. 4, Dkt. No. 89, is GRANTED IN PART with respect to the constitutionality of charged statutes, and DEFERRED IN PART with respect to any other potential references to the Second Amendment.

## II.   **Defendant's Motions in Limine, Motion to Strike, and Motion to Exclude**

### a.   **Defendant's Motion in Limine No. 1 (Dkt. No. 84)**

Chan, while represented by different counsel, originally moved in limine under Rule 403 to preclude reference at trial as to the basis for the Honolulu Police Department's ("HPD") welfare check of Chan on August 16, 2022, the allegations of firearms in Chan's residence, Chan's course of driving after being approached by law enforcement, a civil suit involving the possible eviction of Chan and his family from the Wailana Condominium Complex, Chan's reluctance to submit to DNA testing, and the time/cost of trial witnesses traveling to Hawai'i. *See* Dkt. No. 84. Subsequently, on January 17, 2025, current defense counsel filed a notice of withdrawal of this motion based, in part, on certain Government representations and on the filing of other in limine motions described and ruled on below. Dkt. No. 182. As a result, Chan's Motion in Limine No. 1, Dkt. No. 84, is MOOT and deemed withdrawn.

### b.   **Chan's Motion in Limine No. 2 – "Ghost" Gun (Dkt. No. 165)**

In his second motion in limine, Chan seeks to preclude the Government and its witnesses from using the term "ghost gun" or "any similarly pejorative and prejudicial terms or phrases (such as 'military style,' 'untraceable,' 'unserialized,' 'privately made,' and 'containing no serial number or appropriate manufacturer markings')" as irrelevant under Rules 401 and 402 and unfairly prejudicial under Rule 403. Dkt. No. 165 at 1–2. While the Court agrees that the term "ghost gun" is evocative, has little legitimate purpose, may be confusing, and could elicit an unfairly prejudicial response, the other terms Chan mentions do not carry the same weight and are relevant, at the very least, to the question of registration in Count 1. Accordingly, Chan's Motion in Limine No. 2, Dkt. No. 165, is GRANTED IN PART with respect to the term "ghost gun" and DENIED IN PART with respect to the other listed terms.

### c. **Chan's Motion in Limine No. 3 – Penumbral Circumstances (Dkt. No. 166)**

Chan seeks in his third motion in limine to preclude the Government from introducing evidence regarding "the circumstances preceding and following seizure of Chan and the charged weapon" on August 16, 2022, as irrelevant, unfairly prejudicial, impermissible character evidence, and potentially barred by the Confrontation Clause or the rule against hearsay. *See* Dkt. No. 166 at 1. Specifically, Chan seeks to exclude evidence that he:

behaved suspiciously, was delusional and paranoid, threatened others, possessed what appeared to be firearms in his residence about a year prior to the date of the offense, fled police, endangered a police officer and pedestrians, drove recklessly, and caused criminal property damage by side-swiping other vehicles . . . believed others were trying to kill him, . . . was disruptive at his parents' complex prior to being apprehended, and . . . was prone to getting extremely upset and violent.

*Id.* at 1 (quotation marks and citations omitted).

The scope of the evidence targeted by this singular motion is difficult to comprehensively address.[2]   Some of it, such as reports of Chan's conduct by neighbors, is not hearsay.  Some of it, such as his flight from law enforcement, is addressed more precisely as part of the ruling on the Government's Motion in Limine No. 1.  All of the cited "penumbral circumstances," however, are relevant, and, indeed, inextricably intertwined with the base offense conduct.[3]   Moreover, their probative value is not substantially outweighed by unfair prejudice.  Chan's Motion in Limine No. 3, Dkt. No. 166, is therefore DENIED.

### d.  Chan's Motion in Limine No. 4 – Box Label (Dkt. No. 168)

Chan's fourth in limine motion seeks to exclude at trial any evidence regarding "a box addressed to another person sent from a company known to

---

[2]*See e.g.* Dkt. No. 166 at 5 (acknowledging that the breadth of the penumbral evidence makes it difficult at this stage to meaningfully determine whether such evidence is barred by the rule against hearsay or the Confrontation Clause); Dkt. No. 198 at 6 (suggesting that reports of Chan's behavior are offered for their effect on HPD's response).

[3]Even the neighbor reports of weapons in Chan's apartment, accurate or not, and which predate the events of August 16, 2022 by approximately a year, are inextricably intertwined in the sense that they were reported to HPD and formed a basis for HPD's response in August 2022 (and are not hearsay).  *See* Dkt. No. 198 at 3.

distribute firearms parts" that HPD officers purportedly saw in Chan's car on August 16, 2022. Dkt. No. 168 at 1. The Government has represented that it does not intend to offer this evidence at trial. *See id.*; Dkt. No. 189 at 2. Chan's Motion in Limine No. 4, Dkt. No. 168, is therefore MOOT and DENIED WITHOUT PREJUDICE.

### e. **Chan's Motion in Limine No. 5 – Lack of State Registration (Dkt. No. 169)**

In his fifth motion in limine, Chan seeks to preclude the Government from introducing at trial evidence of his failure to register the weapon at issue in any state or county registries, arguing that it is irrelevant, unfairly prejudicial, likely to confuse the issues and mislead the jury, and risks the conformity to character inference prohibited by Rule 404(b). *See* Dkt. No. 169 at 1–2. The Court agrees. Chan's failure to register the weapon with either the State of Hawaiʻi or the City and County of Honolulu bears little relevance to the issues in this case, including, *inter alia*, whether the gun was required to be registered in the *federal* National Firearms Registration and Transfer Record and Chan's knowledge of the weapon's allegedly prohibited characteristics. Moreover, any limited relevance that there might be is substantially outweighed by the risk of unfair prejudice, confusing the issues of state and federal registration, and misleading the jury. Chan's Motion in Limine No. 5, Dkt. No. 169, is therefore GRANTED.

### f. **Chan's Motion in Limine No. 6 – Defendant's Research (Dkt. No. 170)**

In his sixth motion in limine, Chan moves to preclude the Government from offering evidence at trial of his Internet research as to the charged offenses while in pretrial custody, and any emails sent discussing the results of that research, because such matters constitute inadmissible work product and/or fall within the attorney-client privilege. Dkt. No. 170 at 1. The Government has represented that it will not seek to introduce such evidence at trial. *See id.*; Dkt. No. 190 at 2. Consequently, Chan's Motion in Limine No. 6, Dkt. No. 170, is MOOT and DENIED WITHOUT PREJUDICE.

### g. **Chan's Motion in Limine No. 7 – Moser Testimony (Dkt. No. 171) & Motion to Exclude the Expert Testimony of Wayne Moser (Dkt. No. 187)**

In his seventh motion in limine, Chan seeks to limit the expert testimony of Firearms Enforcement Officer Wayne Moser as to the separate qualities of the charged weapon and machine gun conversion device on the grounds that such testimony is irrelevant because there is no evidence Chan ever possessed the weapon in a disassembled state. *See* Dkt. No. 171 at 1–4. Simultaneously, Chan moves to exclude Moser's testimony altogether, claiming that the Government's Rule 16 expert disclosure was untimely, incomplete as it failed to include the proper bases and reasons for his opinions, and unreliable as the limited support provided is improper and unexplained. *See* Dkt. No. 187 at 7–11.

As the Government points out, Chan's Motion to Exclude is itself untimely with respect to its challenges to Moser's pre-January 10, 2025 reports/disclosures. *See* Dkt. No. 202 at 2–4.  Moser's January 10, 2025 report does not offer any new or altered opinion, arguably providing only limited additional grounds for earlier-disclosed opinions,[4] and, as such, will not prejudice Chan's trial preparation. Moreover, as the Court indicated at the January 24, 2025 hearing, to the extent that Chan believes Moser's testimony to be incomplete and unreliable, such matters are fodder for cross-examination, rather than exclusion.  As a result, Chan's Motion in Limine No. 7, Dkt. No. 171, and Motion to Exclude, Dkt. No. 187, are DENIED.

### h.  Chan's Motion in Limine No. 8 – Terminology and Unit of Prosecution (Dkt. No. 172)

Chan's eighth motion in limine asserts two grounds for relief.  First, Chan seeks to preclude the Government and its witnesses from using the words "firearm," "rifle," and "machinegun" colloquially so as to "avoid[] confusing and misleading jurors about what they are being asked to decide."  Dkt. No. 172 at 1. Second, Chan argues that because the Government has a "unit-of-prosecution problem," it should be precluded from arguing that he "is guilty on both Counts 1 and 2 by simultaneously possessing a single assembled and functioning machinegun that could have been, but was not, disassembled into a rifle (as to

---

[4]The Government disputes even that.  *See* Dkt. No. 202 at 3.

Count 1) and a machinegun conversion device (as to Count 2) at the time he possessed it." Dkt. No. 172 at 3–5.

The Court finds that there is no basis to grant relief on either of these grounds. First, with regard to terminology, it is entirely unclear how the Government's use of terms that appear in Chan's *own* proposed jury instructions can be confusing or misleading in any way. *See* Dkt. No. 178 at 2–4. It is not surprising that they do so in that the relevant statutes and indictment do as well. *See* 26 U.S.C. § 5861(d); 26 U.S.C. § 5845(c); 18 U.S.C. § 922(o); Dkt. No. 71. It would thus be neither practical nor principled to exclude from trial any of the terms Chan urges. In addition, with regard to the "unit-of-prosecution problem," the authority Chan cites is readily distinguishable and provides no support for his theory that Counts 1 and 2 must be mutually exclusive. *Compare United States v. Keen*, 104 F.3d 1111, 1119 (9th Cir. 1996), *and Brown v. United States*, 623 F.2d 54, 56–59 (9th Cir. 1980), *with United States v. Overton*, 573 F.3d 679, 692–95 (9th Cir. 2009), *and United States v. Jones*, 487 F.2d 676, 679 (9th Cir. 1973). As a result, Chan's Motion in Limine No. 8, Dkt. No. 172, is DENIED.

### i.  Chan's Motion in Limine No. 9 – Silver Platter (Dkt. No. 173)

In his ninth motion in limine, Chan seeks to preclude the Government from introducing evidence seized by HPD officers in purported violation of their oaths to uphold the Hawaiʻi Constitution and state and local law, and for permission to

impeach any testifying HPD officer based on the same.  Dkt. No. 173 at 1.  As

Chan acknowledges, however, the exclusion of evidence on that basis is foreclosed

by Ninth Circuit precedent.[5]  *See id.* at 2–3; *United States v. Cormier*, 220 F.3d

1103, 1111 (9th Cir. 2000); *United States v. Chavez-Vernaza*, 844 F.2d 1368,

1372–74 (9th Cir. 1987).  For similar reasons, law enforcement officers cannot be

impeached in the manner sought.  Chan's Motion in Limine No. 9, Dkt. No. 173, is

therefore DENIED.

### j.  Chan's Motion in Limine No. 10 – Witness Lucid (Dkt. No. 174)

In his tenth motion in limine, Chan moves to preclude the Government from

introducing testimony from Matthew Lucid, or any other witness, as to remarks

Lucid made about Chan and Chan's apartment, on the basis that such testimony

would be irrelevant, unfairly prejudicial, impermissible character evidence,

hearsay, and violate the Confrontation Clause.  Dkt. No. 174 at 1.  The Court

disagrees.  Whether or not Lucid himself testifies, his statements are relevant as to

the basis for and circumstances surrounding HPD's "welfare check" on August 16,

2022 and not unfairly prejudicial.  Moreover, such statements do not constitute

"other acts" evidence under Rule 404(b) because Lucid's remarks are inextricably

intertwined with the charged conduct, and are not hearsay or barred by the

---

[5]Nor, in any case, does the Court agree that evidence supports Chan's allegations that HPD's search of his car violated the Hawaiʻi Constitution's analogue to the Fourth Amendment.  *See* Dkt. No. 173 at 1.

Confrontation Clause because they are offered not for the truth, but rather to show their effects on the listener—specifically, Chan's building manager and HPD.[6]  As a result, Chan's Motion in Limine No. 10, Dkt. No. 174, is DENIED.

### k.  **Chan's Motion in Limine No. 11 – Witness Zilinsky[7] (Dkt. No. 175)**

In his final motion in limine, Chan seeks to exclude the testimony of witness Mildred Zilinsky as to Chan's erratic behaviors and delusional beliefs prior to August 16, 2022 on the grounds that it is irrelevant, unfairly prejudicial, constitutes impermissible character evidence, and is barred by the rules against hearsay and the Confrontation Clause.  Dkt. No. 175 at 1.  Although Zilinsky's testimony is relevant for the same reasons as the evidence underlying Chan's Motion in Limine No. 3 and Motion in Limine No. 10, *see supra* 5–6, 10–11, the Court finds that such relevance is nevertheless substantially outweighed by the dangers of undue delay, wasting time, and needlessly presenting cumulative evidence.  *See* Fed. R.

---

[6]Chan also asserts that Lucid's statements pose a judicial estoppel problem—that is, that the statements should be suppressed because Chan withdrew his earlier motion for leave to file a motion to suppress the evidence obtained from searching his apartment, *see* Dkt. No. 121, in exchange for the Government's representations that it would not introduce the evidence obtained or derived from the search in its case-in-chief.  *See* Dkt. No. 174 at 4–5.  As far as the Court can tell, however, such assurances extended *only* to evidence actually derived or obtained from the search of the apartment, which the Government is not seeking to admit, and not to Lucid's observations or report.  *See* Dkt. No. 127 at 1.  Consequently, judicial estoppel is inapplicable, as the Government has neither acted inconsistently nor played "fast and loose" with the Court. *See Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001).

[7]The Government's original motion in limine spelled the witness' last name as "Zelinsky."  *See* Dkt. No. 175 at 1.  The Government has since clarified that her last name is properly spelled "Zilinsky."  *See* Dkt. No. 205 at 3 n.1.  The Court consequently refers to the witness as "Zilinsky" herein.

Evid. 403.  Chan's Motion in Limine No. 11, Dkt. No. 175, is therefore

GRANTED.

### l. **Chan's Motion to Strike Surplusage from the Second Superseding Indictment (Dkt. No. 176)**

Finally, similar to Motion in Limine No. 2, Chan moves to strike certain

language as "prejudicial surplusage" from the Second Superseding Indictment,

including the terms "privately made" and "containing no serial number or

appropriate manufacturer markings."  According to Chan, "such language is

evocative, conjures negative emotional responses, and has no legitimate purpose at

trial."  Dkt. No. 176 at 1.  The Court disagrees.  *See supra* 4–5.  Moreover, and

perhaps more importantly, as defense counsel agreed at the January 24, 2025

hearing, there can be no prejudice from this language when there is no publication

of the Second Superseding Indictment to the jury.  No party has offered the

operative indictment as a trial exhibit, and the Court has no intention of sharing it

with the jury.  Chan's Motion to Strike, Dkt. No. 176, is therefore DENIED.

### CONCLUSION

For the reasons set forth herein:

- Government's Motions in Limine Nos. 1, 2 & 3 are GRANTED
- Government's Motion in Limine No. 4 is GRANTED IN PART AND DEFERRED IN PART
- Chan's Motion in Limine No. 1 is MOOT and deemed withdrawn
- Chan's Motion in Limine Nos. 4 & 6 are MOOT and DENIED WITHOUT PREJUDICE

- Chan's Motion in Limine Nos. 5 & 11 are GRANTED
- Chan's Motion in Limine No. 2 is GRANTED IN PART and DENIED IN PART
- Chan's Motion in Limine Nos. 3, 7, 8, 9 & 10, Motion to Exclude, and Motion to Strike are DENIED

IT IS SO ORDERED.

DATED: January 28, 2025 at Honolulu, Hawai'i.



Derrick K. Watson
Chief United States District Judge

---

*United States of America v. Christopher Chan*; Crim. No. 22-00109 DKW;
**ORDER ON MOTIONS IN LIMINE AND OTHER PRETRIAL MOTIONS**