IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CHRISTOPHER CHAN,<br><br>Defendant. | Case No. 22-cr-00109-DKW<br><br>**ORDER DENYING MOTION TO SET ASIDE THE VERDICT AND FOR ENTRY OF JUDGMENT OF ACQUITTAL ON COUNT 1** |

Before the Court is Defendant Christopher Chan's motion pursuant to Federal Rule of Criminal Procedure 29 to set aside the jury's guilty verdict and for judgment of acquittal on Count 1 of the Second Superseding Indictment ("SSI"). Dkt. No. 239. Because Chan has provided no legal or factual reason to depart from the Court's previous decisions denying similar requests, the motion, Dkt. No. 239, is DENIED, as more fully explained below.

**FACTUAL & PROCEDURAL BACKGROUND**[1]

On May 25, 2023, a federal Grand Jury returned the SSI, charging Defendant Christopher Chan with two counts:

---

[1] The Court assumes the parties' familiarity with the procedural and factual background of this case and, thus, sets forth only the background necessary for an understanding of the instant issues. More detailed versions are set forth in the Court's prior Orders, *see, e.g.*, Dkt. Nos. 64, 138, & 155, and will not be repeated here.

Count 1
Possession of an Unregistered Firearm
(26 U.S.C. § 5861(d))

On or about August 16, 2022, within the District of Hawaii, CHRISTOPHER CHAN, the defendant, did knowingly possess a firearm not registered to him in the National Firearms Registration and Transfer Record, namely, a privately made AR-type rifle, containing no serial number or appropriate manufacturer markings, with a barrel length measuring less than 16 inches in length, which barrel the defendant knew measured less than 16 inches in length, found in a Toyota Camry automobile.

All in violation of Title 26, United States Code, Sections 5841, 5845(a)(3), 5861(d), and 5871.

Count 2
Possession of a Machinegun
(18 U.S.C. § 922(o))

On or about August 16, 2022, within the District of Hawaii, CHRISTOPHER CHAN, the defendant, did knowingly possess a machinegun, as defined in Title 18, United States Code, Section 921(a)(24) and Title 26, United States Code, Section 5845(b), namely: (i) a machinegun conversion device designed and intended for use in converting a weapon into a machinegun, that is, a weapon which shoots automatically more than one shot without manual reloading by a single function of the trigger, containing no serial number, and (ii) the privately made AR-type rifle described in Count 1, in which the machinegun conversion device was installed, which with the installation of the machinegun conversion device did shoot and was designed to shoot automatically more than one shot without manual reloading by a single function of the trigger, both of which the defendant knew to be a machinegun, or was aware of the essential characteristics which made it a machinegun, found in a Toyota Camry automobile.

All in violation of Title 18, United States Code, Sections 922(o) and 924(a)(2).

Dkt. No. 71 at 23.

On April 23, 2024, Chan moved to dismiss Count 1 of the SSI, arguing that Count 1 was inconsistent with Count 2 because the same firearm cannot simultaneously be both a machinegun and a rifle.  Dkt. No. 129.  The Court denied the motion, finding that it was unclear why the firearm at issue must be a machinegun rather than a rifle, and noting that even if the two counts were inconsistent, at that point in the proceedings, the Government was entitled to proceed on alternative theories of liability.  Dkt. No. 138.

On July 24, 2024, Chan filed a second motion to dismiss the SSI, this time arguing that: (1) his prosecution for both Counts 1 and 2 violated the Second Amendment in the wake of *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022); and, alternatively, (2) Congress lacked the authority under the Commerce Clause to prohibit the possession of machineguns under 18 U.S.C. Section 922(o), as charged in Count 2.  Dkt. No. 146.  The Court once again denied Chan's motion to dismiss, holding that neither short-barreled rifles nor machineguns are "arms" within the plain text of the Second Amendment, and noting that Chan's Second Amendment and Commerce Clause challenges to Count 2 were foreclosed by binding Ninth Circuit precedent.  Dkt. No. 155.

On February 3, 2025, Chan's jury trial began.  Dkt. No. 222.  The Government called, as part of its case-in-chief, Bureau of Alcohol, Tobacco,

Firearms, and Explosives Firearms Enforcement Officer ("FEO") Wayne Moser, Jr. to testify as an expert in the areas of firearms identification and classification under federal law. Feb. 5, 2025 Trial Tr. at 153:3–13, Dkt. No. 242. Among other things, FEO Moser testified that the firearm at issue—a short-barreled rifle with a machinegun conversion device ("MCD") installed inside—was simultaneously both a machinegun and a short-barreled rifle which required registration under the National Firearms Act ("NFA"). Feb. 6, 2025 Trial Tr. at 34:1–36:24, 123:8–126:22, Dkt. No. 243.

At the close of the Government's case-in-chief, Chan moved for acquittal under Rule 29, raising arguments both as to the sufficiency of the evidence and, as to Count 1, the constitutionality of "holding somebody criminally responsible . . . for failing to register this weapon" when, as a machinegun, "he couldn't possibly have registered this weapon because he can't do that under the law." Feb. 6, 2025 Trial Tr. at 135:9–147:5. The Court rejected Chan's arguments for acquittal on Count 1, but granted the motion as to Count 2, based on the insufficiency of the evidence. *Id.* at 137:10–138:23, 139:22–140:3, 152:25–155:14. Chan then renewed his motion on Count 1 at the close of evidence. Feb. 7, 2025 Trial Tr. at 5:4–11, Dkt. No. 244. Noting that there had been no change in the facts or law that would provide reason to alter the Court's prior ruling, the Court again denied the

motion. *Id.* at 5:12–15. The jury subsequently found Chan guilty of Count 1. Dkt. Nos. 233 & 234.

On February 21, 2025, Chan timely filed a renewed motion to set aside the verdict and for entry of judgment of acquittal on Count 1.[2] Dkt. No. 239. The Government responded on March 24, 2025, Dkt. No. 245, and Chan replied on April 28, 2025, Dkt. No. 249. Pursuant to Criminal Local Rule 12.2(a)(1), the Court elects to decide this matter without a hearing, and this Order now follows.

## STANDARD OF REVIEW

Federal Rule of Criminal Procedure 29 provides that on a defendant's motion, a district court must set aside a jury conviction and "enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a), (c). In ruling on such motions, the district court must give "great deference" to the jury verdict. *See United States v. Beal*, 2021 WL 5625399, at *3 (D. Haw. Nov. 30, 2021) (citing *United States v. Solorio*, 669 F.3d 943, 956 (9th Cir. 2012)). As a result, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a

---

[2] Post-verdict motions filed under Federal Rule of Criminal Procedure 29 are timely if they are filed "within 14 days after a guilty verdict or after the court discharges the jury, whichever is later." Fed. R. Crim. P. 29(c)(1).

reasonable doubt." *United States v. Alarcon-Simi*, 300 F.3d 1172, 1176 (9th Cir. 2002) (quotation marks and citation omitted).

## DISCUSSION

In support of his Rule 29 motion for acquittal, Chan sets forth two contentions: (1) an "evidentiary" argument that there is no evidence that Chan ever knew about or possessed the MCD separately from the host firearm; and (2) a "legal" argument that whether or not the firearm at issue was a short-barreled rifle,[3] once installed, the presence of the MCD rendered the firearm a machinegun which, as a matter of law, cannot be registered under the NFA. Based on these two assertions, Chan claims he should be acquitted on Count 1, as it would be a "fundamental injustice and denial of due process" to "allow[] the federal government to convict and imprison Chan for not doing something that the law and the government makes it impossible for him to do." *See* Dkt. No. 239 at 3; Feb. 6, 2025 Trial Tr. at 138:24–140:3.

These arguments, however, lack merit, just as similar arguments raised multiple times before did. As an initial matter, whether or not Chan ever knew about or possessed the MCD separately from the host firearm is of little consequence to the jury's conviction on Count 1. Count 1 requires the

---

[3]Although Chan "maintains that, as a matter of law, the completed weapon does not meet the NFA's legal definition of a short-barreled rifle," he does not dispute that issue in the instant motion. *See* Dkt. No. 249 at 4 n.1.

Government to prove, among other elements not challenged here, that "on August 16, 2022, the defendant knowingly possessed a *rifle* with barrel length measuring less than 16 inches." Dkt. No. 229 at 19 (emphasis added). To this end, FEO Moser testified at length during trial that although the installation of the MCD converted the firearm into a machinegun, the firearm nevertheless *also* maintained its classification as a short-barreled rifle because it was "designed . . . to expel a single projectile through a rifle bore." Feb. 6, 2025 Trial Tr. at 34:1–36:24, 123:8–126:22. Put differently, based on the evidence adduced at trial, whether or not the MCD was installed, the firearm at issue was a short-barreled *rifle* which had not been registered, as required, in the National Firearms Registration and Transfer Record. The presence or absence of the MCD does not provide a basis, new or not, to acquit Chan of Count 1.

Moreover and as important, Chan acknowledges that even if the Court were to accept that installation of the MCD would forever preclude the firearm's registration under the NFA, the Ninth Circuit has explicitly rejected his fairness/due process argument. *Hunter v. United States*, 73 F.3d 260, 261–62 (9th Cir. 1996) ("the registration requirement is not unfair") (quotation marks and citations omitted). And while Chan asserts that *Hunter* should be considered effectively overruled in light of the Supreme Court's intervening decision in *Bruen* that "an individual has a Second Amendment *right* to possess weaponry," he

provides *no* explanation as to why this must be so. *See* Dkt. No. 239 at 4; *Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003) (explaining that to be effectively overruled, "the reasoning or theory of [] prior circuit authority" must be "*clearly irreconcilable* with the reasoning or theory of intervening higher authority" (emphasis added)); *see also* Dkt. No. 155 at 12–16 (applying *Bruen* to find that machineguns are dangerous and unusual weapons outside the protections of the Second Amendment). As a result, this Court remains bound by *Hunter*.[4]

## CONCLUSION

For the reasons set forth herein, Defendant Christopher Chan's motion to set aside the verdict and for entry of a judgment of acquittal on Count 1, Dkt. No. 239, is DENIED.

IT IS SO ORDERED.

DATED: May 8, 2025 at Honolulu, Hawaiʻi.



Derrick K. Watson
Chief United States District Judge

___

United States of America v. Christopher Chan; Cr 22-00109 DKW; **ORDER DENYING MOTION TO SET ASIDE THE VERDICT AND FOR ENTRY OF JUDGMENT OF ACQUITTAL ON COUNT 1**

___

[4] Indeed, other district courts within this Circuit have continued to rely on *Hunter* after *Bruen*. *See, e.g.*, *United States v. Just*, 2025 WL 263530, at *2 (D. Mont. Jan. 22, 2025) (finding that "*Hunter* . . . directly addresses and forecloses [Defendant's] argument" that "criminalizing possession of an unregistered machinegun is fundamentally unfair because § 922(o) prevents him from complying with the registration requirement, and that this unfairness violates Due Process.").