IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Cr. No. 1:22-cr-00109 DKW |
| | ) | |
| Plaintiff, | ) | Declaration of Counsel |
| | ) | |
| vs. | ) | |
| | ) | |
| CHRISTOPHER CHAN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

**Declaration of Counsel**

I, CRAIG W. JEROME, hereby declare as follows:

1. I am counsel for defendant, CHRISTOPHER CHAN, having been appointed pursuant to the Criminal Justice Act.

2. The facts and statements set forth in the foregoing document are true and correct to the best of my knowledge and belief.

3. Rule 12.2(c)(1)(A) provides that the court may order a defendant to submit to a competency examination under 18 U.S.C. § 4241(a).

4. 18 U.S.C. § 4241(a) provides that the court shall grant "a motion for a hearing to determine the mental competency of the defendant" if there is "reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a).

5.  Counsel has an obligation to inquire into a defendant's mental competence if a good faith basis to question the defendant's competency exists. *See Pate v. Robinson*, 383 U.S. 375, 385 (1966) (Where the evidence raises a 'bona fide doubt' as to a defendant's competence, the judge on his own motion must hold a competency hearing).

6.  Mr. Chan's sentencing hearing is currently scheduled for July 31, 2025, before Chief Judge Derrick K. Watson.

7.  I have interacted with Mr. Chan extensively during the nearly two years that I have been representing him in this case. This includes preparing for and conducting a jury trial and litigating many motions. My interactions with Mr. Chan over the past few weeks, however, have raised serious concerns regarding Mr. Chan's current mental fitness and competency to proceed. That concern has come to a head over the past several days. Based on my most recent interactions with Mr. Chan, I am now doubtful about whether Mr. Chan is presently mentally competent to proceed with sentencing and to litigate an appeal in this case. This belief is almost entirely based on privileged communications, the details of which cannot be shared in this filing.

8.  Mr. Chan is presently detained at FDC Honolulu pending sentencing.

9.  The statutes authorize the Court to order a competency examination to be conducted by a licensed or certified psychiatrist or psychologist or by more than one such examiner. *See* 18 U.S.C. §§ 4241(b) and 4247(b). Once an examination has been completed, the Court may order the examiner(s) to file a written report with

the Court detailing their findings for consideration at a hearing. *See* 18 U.S.C. §§ 4241(b), (c) and 4247(b), (c), and (d).

10. I believe that the interests of justice and the appearance of justice will be best served by granting the instant motion for a competency examination and hearing in Mr. Chan's case. Nonetheless, I make this request reluctantly given Mr. Chan's pending sentencing hearing, and I would ask that the Court do everything possible to conduct the evaluation and hearing as expeditiously as possible.

11. During an in-person meeting today, I notified Mr. Chan that I intended to make this motion, and Mr. Chan indicated that he objected to the evaluation and hearing. He did not, however, object to a continuance of his sentencing hearing.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF.

DATED: Honolulu, Hawaii, July 14, 2025.

/s/ Craig W. Jerome
CRAIG W. JEROME
Attorney for Defendant
CHRISTOPHER CHAN